IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-713-BO

| | |
|---|---|
| NARKIE NARTEY-NOLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIEMENS MEDICAL SOLUTIONS USA, )<br>INC., )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the motion is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiff filed this action against her former employer proceeding *pro se* and alleging claims for wrongful termination and failure to accommodate under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* Counsel for plaintiff appeared in this action on June 23, 2014, and discovery was conducted thereafter. The following facts appear not to be in dispute.

Defendant manufactures and services medical imaging equipment, and plaintiff was employed at defendant's facility in Cary, North Carolina from 2003 through January 13, 2012. Plaintiff held a variety of positions with defendant and was last employed in a Sales Support I position. Plaintiff's position was full-time and her regular work schedule was 8:30 a.m. to 4:30

p.m. Monday through Friday. Plaintiff provided administrative support for a team selling service contracts for imaging equipment. This was a sedentary, clerical position.

Plaintiff suffers from congenital scoliosis and in June 2011 began to experience pain in her neck. On January 31, 2011, plaintiff's treating orthopedist, Dr. George Charron, excused plaintiff from work for ten days due to her condition. Her excuse was then extended by Dr. Charron through March 2011, and plaintiff was permitted leave under the Family Medical Leave Act (FMLA) for this absence. When plaintiff returned to work on March 28, 2011, Dr. Charron restricted plaintiff to working only four hours per day; this restriction was imposed for six months. Plaintiff worked part-time during this period and exhausted her FMLA leave prior to the end of the six-month period, though defendant allowed her to continue working part-time pursuant to her doctor's restriction. At the end of the six-month period, Dr. Charron extended plaintiff's part-time restriction for another three months. Defendant accommodated Dr. Charron's restriction and plaintiff worked part-time for an additional three months.

In December 2011, near the end of this three-month period, defendant requested that Dr. Charron review a detailed job description of the Sales Support I position. Dr. Charron stated that plaintiff would be able to return to working a six-hour but not an eight-hour workday. Dr. Charron imposed the six-hour workday restriction for a trial period of two weeks. Dr. Charron again imposed the six-hour workday restriction in a subsequent meeting with plaintiff. On January 13, 2012, defendant terminated plaintiff's employment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine

2

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

I. WRONGFUL DISCHARGE

A plaintiff makes a *prima facie* showing of wrongful discharge in violation of the ADA by establishing that "(1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin North America*, 252 F.3d 696, 702 (4th Cir. 2001). An individual is within the ADA's protected class if she is a qualified individual with a disability. *Id.*

Defendant contends that plaintiff cannot establish one of the prima facie elements of her claim – namely, that she is a qualified individual with a disability. A qualified individual is a person who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

"[C]onsideration shall be given to the employer's judgment as to what functions of the job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." *Id.* An essential job function is one which "bear[s] more than a marginal relationship to the job at issue." *Tyndall v. Nat'l Educ. Ctrs.*, 31 F.3d 209, 213 (4th Cir.1994).

Here, defendant contends and plaintiff does not dispute that full-time (forty hours per week) work is an essential element of the Sales Support I position. *See e.g.* Nartey-Nolan Dep. Ex. 30 (description of the Sales Support I position), Nartey-Nolan Dep. 205-09 (plaintiff's testimony that she understood defendant to require full-time work as a part of the position); *see also* 20 C.F.R. § 1630.2(n)(3) (listing factors that may be considered when determining whether a function is essential to a position). Plaintiff does not contend that during the relevant time period she could have worked forty-hours per week, and thus defendant has demonstrated that plaintiff could not perform an essential function of her job without a reasonable accommodation.[1]

The Court must next determine whether with a reasonable accommodation plaintiff could have performed the essential functions of her position. The burden is on a plaintiff at this stage. *Tyndall*, 31 F.3d at 213. Plaintiff contends that while she knew that her position required full-time attendance, defendant prematurely terminated her because she was arguably going to return to working eight hours per day. While gradual return to work may be a reasonable accommodation, plaintiff was able to work in her position part-time for an extended period and

---

[1] Plaintiff has submitted several affidavits regarding whether or not Ms. Weems, whose declaration states that she was required to work extra due to plaintiff's absences and that plaintiff's replacement works full-time, was in fact a peer of plaintiff. Such evidence, which may be considered when determining whether a function is essential, is unnecessary here as plaintiff has agreed that an essential function of her position was full-time work. *See* 20 C.F.R. § 1630.2(n)(3); [DE 27 at 2 ¶4; 11].

4

"[n]othing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect." *Myers v. Hose*, 50 F.3d 278, 283 (4th Cir. 1995). Additionally, plaintiff's treating physician has testified that he does not think plaintiff will ever significantly improve, and he has not lifted her six-hour work restriction. Charron Dep. 40, 42. "[A] plaintiff who can work only on a part-time basis cannot be a 'qualified individual with a disability' if the ability to work full-time is essential to his job." *Lamb v. Qualex, Inc.*, 33 F. App'x 49, 56-57 (4th Cir. 2002).

Plaintiff has failed to meet her prima facie burden to demonstrate that she is a qualified individual with a disability and defendant is entitled to judgment in its favor on plaintiff's wrongful termination claim.

II. FAILURE TO ACCOMMODATE

Plaintiff has further failed to establish a prima facie case for failure to accommodate. A *prima facie* case of failure to accommodate under the ADA is established by showing (1) that plaintiff is an individual with a disability within the meaning of the ADA, (2) that the employer had notice of the disability, (3) that with reasonable accommodation the employee could perform the essential functions of the position, and (4) that the employer refused to make such an accommodation. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001).

Assuming, without deciding, that plaintiff has satisfied the first two elements, plaintiff has failed to demonstrate that with reasonable accommodation she could perform the essential functions of her position. As discussed above, the Sales Support I position required full-time work as an essential function and plaintiff's contention that extension of her part-time status would be an appropriate accommodation fails. Moreover, plaintiff has failed to identify any

5

other accommodation which would allow her to perform the essential functions of the Sales Support I position.

Plaintiff argues that defendant should have transferred her to a vacant part-time position as an accommodation. The burden is on a plaintiff to show that there was a vacant position for which she was qualified. *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 230 (3d Cir. 2000). Plaintiff's deposition reveals that she cannot not identify any part-time positions for which she applied or in which expressed interest, and that she never had any substantive conversations with human resources regarding vacant part-time positions. Nartey-Nolan Dep. 229-232. Though plaintiff stated that she hoped defendant would create a particular part-time position for her, the ADA does not require that an employer create a new job as an accommodation. *Id.* Furthermore, reassignment to a permanent part-time position is not a reasonable accommodation under the ADA when an employee's primary position is full-time. *Hoffman v. Zurich Fin. Servs.*, No. 06 C 4980, 2007 WL 4219414, at *5 (N.D. Ill. Nov. 28, 2007).

Plaintiff states in her declaration that she made several suggestions to defendant of reasonable accommodations that would permit her to perform the essential functions of her position, including a raised workstation, working from home, or moving her to a different part-time position, but that defendant never followed-up with her. Nartey-Nolan Decl. As discussed above, moving plaintiff to a different *part-time* position is not a reasonable accommodation. Regarding a raised work station and working from home, plaintiff's declaration testimony conflicts with her deposition testimony, wherein she stated that she met with an in-house ergonomics expert about a raised desk and headset, but that Dr. Charron had not released her to more than four hours of work per day, such that these accommodations would not allow her to work a full-time schedule, but rather might make her part-time schedule more comfortable.

Nartey-Nolan Dep. at 195-197. Because plaintiff has not identified any accommodation that would have permitted her to work full-time that defendant refused to make, her claim for failure to accommodate fails.

## CONCLUSION

Because plaintiff has failed to make a prima facie showing of either wrongful discharge or failure to accommodate under the ADA, defendant's motion for summary judgment [DE 21] is GRANTED. The clerk is DIRECTED to enter judgment and to close the file.

SO ORDERED, this 13 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE